# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| RYAN SHIVERDECKER & | : | |
| RONDA DILLON, individually | : | |
| and as Co-Executors of the Estate of | : | |
| Richard Shiverdecker | : | |
| 6600 Otterbein-Ithaca Road | : | Case No.: 3:21-cv-10 |
| Arcanum, OH 45304 | : | |
| | : | Judge: |
| and | : | Magistrate Judge: |
| | : | |
| RYAN SHIVERDECKER & | : | |
| RONDA DILLON, individually | : | |
| and as Co-Executors of the Estate of | : | COMPLAINT |
| Karen Shiverdecker | : | DEMAND FOR JURY TRIAL |
| 6600 Otterbein-Ithaca Road | : | |
| Arcanum, OH 45304 | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| GRAY TRANSPORTATION, INC. | : | |
| c/o Leroy Gray | : | |
| 81 West 18th Street | : | |
| Waterloo, IA 50704 | : | |
| | : | |
| and | : | |
| | : | |
| KINGSTON TRANSPORTATION, LLC | : | |
| c/o Nicholas Voelker | : | |
| 1230 West Morehead St., Ste. 110 | : | |
| Charlotte, NC 28208-5206 | : | |
| | : | |
| and | : | |
| | : | |
| HOME-OWNERS INSURANCE CO. | : | |
| 6101 Anacapri Blvd. | : | |
| Lansing, MI 48917-3999 | : | |
| | : | |
| Defendants. | : | |

## PARTIES

1. Plaintiff Ryan Shiverdecker is a domiciliary and citizen of the State of Ohio, residing in Darke County, Ohio. He was appointed a co-executor of the Estates of Richard and Karen Shiverdecker by the Preble County Probate Court on October 25, 2019. He brings this action pursuant to Ohio Revised Code 2121.01 for the surviving beneficiaries of each decedent and a survivorship action pursuant Ohio Revised Code 2305.21 for each decedent.

2. Plaintiff Ronda Dillon is a domiciliary and citizen of the State of Ohio, residing in Hamilton, County. She was appointed a co-executor of the Estates of Richard and Karen Shiverdecker by the Preble County Probate Court on October 25, 2019. She brings this action pursuant to Ohio Revised Code 2121.01 for the surviving beneficiaries of each decedent and a survivorship action pursuant to Ohio Revised Code 2305.21 for each decedent.

3. Defendant Gray Transportation, Inc. is a trucking company registered with the Federal Motor Carrier Safety Administration with a USDOT number of 322235 and is a business incorporated under Iowa law. Defendant Gray Transportation's principal place of business is in Waterloo, Iowa and its statutory agent is Leroy Gray, located at 81 West 18th Street, Waterloo, Iowa 50704.

4. Defendant Kingston Transportation, LLC is registered with the Federal Motor Carrier Safety Administration as a broker with a USDOT number of 2237829 and is a business organized and existing under North Carolina law. Defendant Kingston Transportation's principal place of business is in Charlotte, North Carolina and its statutory agent is Nicolas Voelker, located at 1230 West Morehead St., Ste 110, Charlotte, North Carolina 28208.

5. Defendant Home-Owners Insurance Company provides automobile insurance to the public. Defendant Home-Owners Insurance is incorporated under Michigan law and its principal place of business is located at 6101 Anacapri Blvd., Lansing, Michigan 48917.

## JURISDICTION & VENUE

6. Pursuant to 28 USC § 1332, jurisdiction in this case is based on diversity of the parties and the amount in controversy exceeds $75,000.

7. Venue is proper under 28 USC § 1391 because a substantial part of the events in this case occurred in this judicial district.

## FACTUAL BACKGROUND

8. Plaintiffs incorporate all prior paragraphs as if rewritten fully herein.

9. On October 2, 2019, Richard Shiverdecker was a restrained driver and lawfully operating his 2001 Chevrolet Trailblazer westbound on Interstate 70 in Preble County, Ohio.

10. Karen Shiverdecker was a restrained passenger in the Shiverdecker vehicle being driven by her husband, Richard Shiverdecker.

11. On October 2, 2019, Defendant Gray Transportation was transporting a load for hire via a semi tractor-trailer. The Gray Transportation tractor-trailer was driven by Robert Fryklund. Mr. Fryklund was an employee of Gray Transportation acting in the course and scope of his employment with the company at the time, thereby making Gray Transportation responsible for Mr. Fryklund's negligence under the doctrine of *respondeat superior*.

12. As the Shiverdecker vehicle slowed to traffic ahead, the Gray Transportation tractor-trailer driven by Mr. Fryklund negligently and recklessly struck the Shiverdecker vehicle from behind at a high rate of speed, causing the Shiverdecker vehicle to be launched off the right side of the roadway, striking a ditch and rolling over, causing Richard and Karen Shiverdecker to

be ejected from their vehicle. The Gray Transportation tractor-trailer then struck a tractor-trailer owned by Garber Farms, Inc. which, in turn, lightly struck a tractor-trailer owned by TransAm Carriers, Inc.

13. Richard and Karen Shiverdecker were killed as a result of this crash. They suffered conscious pain and suffering and/or pre-impact fear and terror prior to death.

14. Upon information and belief, Defendant Kingston Transportation served as the broker for the cargo that Defendant Gray Transportation was transporting at the time of the subject crash. As the broker for this cargo, Defendant Kingston knew, or should have known, that Defendant Gray Transportation had a record of unsafe driving, including, but not limited, 72 unsafe driving violations (39 for speeding) and 11 crashes in the two-years leading up to this crash, including an April 30, 2018 crash in Georgia where the negligence of a Gray Transportation driver caused the death of one person and another to be paralyzed. Despite Defendant Gray Transportation's record of unsafe driving, Defendant Kingston Transportation hired this motor carrier to transport the load in question, thereby putting the safety of the public at risk, including Richard and Karen Shiverdecker.

### FIRST CAUSE OF ACTION – NEGLIGENCE OF FRYKLUND & GRAY TRANSPORTATION

15. Plaintiffs incorporate all prior paragraphs as if fully rewritten herein.

16. Robert Fryklund had a common law and statutory duty to safety and lawfully operate the semi tractor-trailer at the time of the crash, including maintaining an assured clear distance ahead of other vehicles, slowing the tractor-trailer to a safe speed when traffic slowed ahead, and maintaining his attention while operating the tractor-trailer.

17. Richard Shiverdecker was lawfully operating his vehicle on a public roadway and had his vehicle slowed or stopped for traffic ahead just prior to impact.

18. Robert Fryklund breached his duties of care in causing this crash. His conduct in causing this crash was negligent, reckless, and showed a conscious disregard for the safety and well-being of the public, including Richard and Karen Shiverdecker. As a direct and proximate cause of his negligence, Richard and Karen Shiverdecker suffered injury, conscious pain and suffering, pre-impact terror, emotional distress and ultimately death. The Estates of Richard and Karen Shiverdecker hereby bring wrongful death and survivorship claims on behalf of the estates and all beneficiaries and next of kin for all damages available under the law for these claims.

19. Robert Fryklund was acting within the course and scope of his employment with Defendant Gray Transportation at the time of the crash and therefore Defendant Gray Transportation is liable for his conduct. Furthermore, Defendant Gray Transportation, as an interstate motor carrier, is responsible for the acts of Robert Fryklund in this crash.

**SECOND CAUSE OF ACTION – NEGLIGENCE OF GRAY TRANSPORTATION**

20. Plaintiffs incorporate all prior paragraphs as if rewritten herein.

21. Defendant Gray Transportation had a duty to act reasonably in hiring, instructing, training, and supervising its drivers, including Robert Fryklund, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers were reasonably safe.

22. Defendant Gray Transportation had a duty to exercise reasonable care in entrusting its vehicles and to responsible, competent, and qualified drivers.

23. Defendant Gray Transportation failed in the above-mentioned duties and was therefore negligence. Said failure is evidenced by the fact that the company had a poor safety record that included 72 unsafe driving violations (39 for speeding) and 11 crashes, including a severe crash in Georgia, in the two-years leading up to the subject crash.

24. Defendant Gray Transportation's negligence was a direct and proximate cause of the subject crash wherein Richard and Karen Shiverdecker were killed. The Estates of Richard and Karen Shiverdecker hereby bring wrongful death and survivorship claims on behalf of the Estates and all beneficiaries and next of kin for all damages available under the law for these claims.

**THIRD CAUSE OF ACTION – NEGLIGENCE OF KINGSTON TRANSPORTATION**

25. Plaintiffs incorporate all prior paragraphs as if rewritten herein.

26. Defendant Kingston Transportation is registered as a broker for the transportation of goods in interstate commerce. As a broker, Defendant Kingston Transportation must use reasonable care in selecting and/or hiring a motor carrier or driver to transport a shipment. A broker is liable for all harm to third parties caused by the failure to exercise reasonable care to hire a competent and careful motor carrier or driver to transport a shipment.

27. Defendant Kingston Transportation knew or should have known that Defendant Gray Transportation had a record of unsafe driving, including, but not limited, 72 unsafe driving violations (39 for speeding) and 11 crashes in the two-years leading up to this crash, including an April 30, 2018 crash in Georgia where the negligence of a Gray Transportation driver caused the death of one person and another to be paralyzed. Much of this information would have been available from government websites and industry databases designed to improve safety transparency in the trucking industry. This information should have raised serious red flags for Defendant Kingston Transportation regarding the safety and competency of Defendant Gray Transportation to transport this load, leading to Defendant Kingston Transportation selecting a safer motor carrier.

28. Defendant Kingston Transportation's failure to use reasonable care in the selection of Gray Transportation to transport the subject load was a proximate cause of the subject crash and the deaths of Richard and Karen Shiverdecker. The Estates of Richard and Karen Shiverdecker hereby bring wrongful death and survivorship claims on behalf of the Estates and all beneficiaries and next of kin for all damages available under the law for these claims.

### FOURTH CAUSE OF ACTION – UNDERINSURED MOTORIST CLAIM AGAINST HOME-OWNERS INSURANCE

29. Plaintiffs incorporate all prior paragraphs as if rewritten herein.

30. At the time of the subject crash, Richard and Karen Shiverdecker had an automobile insurance policy in effect with Defendant Home-Owners Insurance, Policy No. 44-530-177-03, which provided underinsured motorist coverage in the amount of $300,000 per person/per accident. A copy of the declarations page for this policy is attached as exhibit A. Defendant Home-Owners has the entire policy in its possession.

31. There are numerous other claimants making a claim against Defendant Gray Transportation related to this crash. Because of these other claims, there is a possibility that the Estate of Richard and/or Karen Shiverdecker may be undercompensated for the claims asserted, thereby triggering an underinsured motorist claim against Defendant Home-Owners Insurance.

32. Plaintiffs have met all requirements in presenting this underinsured motorist claim to Defendant Home-Owners Insurance.

WHEREFORE, Plaintiffs demand judgment against all Defendants, jointly and severally, in an amount in excess of $75,000 each for the Estate of Richard Shiverdecker and the Estate of Karen Shiverdecker, as determined by the trier of fact, as well costs, expenses, punitive damages, and any other relief that the Court deems just and equitable.

Respectfully submitted,

/s/ *Michael J. Rourke*
Michael J. Rourke (0022950)
Timothy M. Mahler (0079574)
**Rourke & Blumenthal, LLC**
495 South High Street, Suite 450
Columbus, OH 43215
Tel:  (614) 220-9200
Fax:  (614) 220-7900
Email:  mrourke@randbllp.com
Email:  tmahler@randbllp.com

Caroline R. Schmidt (0073710)
Garbig & Schmidt, LLC
2840 Alt. St. Rt. #49 N
Arcanum, OH 45304
Tel:  (937) 692-5278
Fax:  (937) 692-6544
Email:  carolineschmidt@embarqmail.com

*Attorneys for Plaintiff*

# JURY DEMAND

Now comes Plaintiff, and hereby requests a trial by jury on all issues on all issues.

*/s/ Michael J. Rourke*
Michael J. Rourke (0022950)